**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

JACKSON HOLE JEWELRY COMPANY
LLC,

          Plaintiff,

    v.

BAYLINK INTERNET LLC and ROSE
PEAR INC.,

          Defendants.

Case No.    26-cv-4075

**JURY TRIAL DEMANDED**

**COMPLAINT**

Plaintiff Jackson Hole Jewelry Company LLC ("Jackson Hole Jewelry" or "Plaintiff"), for

its Complaint against Defendants Baylink Internet LLC ("Baylink") and Rose Pear Inc. ("Rose

Pear," and collectively with Baylink, "Defendants"), alleges on personal knowledge as to matters

relating to itself and on information and belief as to all other matters, as follows:

**INTRODUCTION**

1.      Plaintiff is a fine jewelry store that creates and designs original luxury jewelry, and

sells other luxury items, including watches and knives.  Plaintiff sells its products and third-party

products online via its direct-to-consumer website, www.jacksonholejewelry.com, as well as at its

brick-and-mortar store in Jackson, Wyoming.

2.      Plaintiff's signature jewelry collection features necklaces, bracelets, earrings, and

rings inspired by the Grand Tetons mountain range (the "Teton Collection").  The jewelry pieces

featured in the Teton Collection were primarily created and designed by Zachariah Turpin—

Plaintiff's founder—to honor the natural beauty of his hometown of Jackson, Wyoming.  The

Teton Collection is the result of years of intensive design and product development, fueled by

Turpin's extensive experience in the jewelry industry.  The Teton Collection pieces range in price from $249.00 to $19,300.00.  Representative images of jewelry pieces in the Teton Collection are below:



3.      Unfortunately, others have unlawfully sought to capitalize on the success of Plaintiff and the Teton Collection.  Plaintiff brings this action against two brazen infringers who operate e-commerce businesses behind the anonymity of the internet.  Through multiple fully interactive e-commerce websites, including but not limited to www.37jewelry.com, www.37bracelets.com, and www.37necklaces.com (the "Websites"), Defendants market, advertise, promote, offer for sale, and sell nearly identical, poorly-made knock-offs of Plaintiff's jewelry designs well below the purchasing price of the authentic Teton Collection pieces, ranging from $29.99 to $45.80 (the "Infringing Products").

4.      Plaintiff did not authorize Defendants to advertise, market, promote, offer for sale, manufacture, sell, or display the Infringing Products.  The Infringing Products therefore violate Plaintiff's intellectual property rights.

5.      Plaintiff brings this action for damages and injunctive relief to end and seek redress for Defendants' ongoing and willful infringement of Plaintiff's intellectual property rights.

## JURISDICTION AND VENUE

6.      This Court has original subject matter jurisdiction over the copyright and patent claims pursuant to 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a).

7.      This Court has personal jurisdiction over Defendants because Defendants transacted business and committed acts of copyright and patent infringement within and directed to New York and Plaintiff's claims arise from those activities.  In particular, Defendants (a) transacted business within New York or contracted to supply goods, including the Infringing Products, in New York, (b) have committed infringement within New York and in this District, and (c) have committed infringement outside New York, which has caused injury to Plaintiff within New York, and Defendants (i) expected or should reasonably have expected such acts to have consequences in New York, and (ii) derived substantial revenue from interstate or international commerce.  Further, Defendants are doing business with New York residents by operating multiple commercial, highly interactive Websites through which New York residents can purchase the Infringing Products.  Defendants have targeted sales from New York residents by operating Websites that offer shipping to the United States, including in this District.

8.      This Court also has personal jurisdiction over Defendant Rose Pear because Rose Pear is incorporated under the laws of New York, and is therefore a domiciliary of New York.

9.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400.

## PARTIES

10.      Plaintiff is a limited liability company organized under the laws of Wyoming with a principal place of business located at 60 E. Broadway Ave., Jackson, Wyoming 83001.

11.     Baylink is a limited liability company organized under the laws of Wyoming.  Upon information and belief, Baylink's principal place of business is 30 N. Gould St. Ste. R, Sheridan, Wyoming 82801.

12.     Rose Pear is a corporation organized under the laws of New York.  Upon information and belief, Rose Pear's principal place of business is 3719 Main Street, Suite 2C, Flushing, New York, 11354.

## FACTUAL BACKGROUND

### *Plaintiff's Teton Collection*

13.     Plaintiff is the developer and distributor of original, luxury jewelry designs which it advertises and sells via its direct-to-consumer website, www.jacksonholejewelry.com, and its brick-and-mortar store in Jackson, Wyoming.  Plaintiff is the owner and distributor of the Teton Collection, a collection of original rings, bracelets, necklaces, and earrings primarily designed by Turpin.

14.     Turpin, a second-generation jeweler who was born in Jackson, Wyoming, founded Jackson Hole Jewelry in 2013.

15.     Plaintiff markets and sells original, elevated jewelry designs created primarily by Turpin, including designs inspired by the natural beauty of the Grand Tetons.  Plaintiff's jewelry designs feature natural diamonds, rare gemstones, and one-of-a-kind designs that reflect Turpin's expert craftsmanship.  Plaintiff is known for providing personalized services and a luxury experience rooted in authenticity, artistry, and connection.  As a result of its world-class jewelry designs, high-touch service, and quality control standards, Plaintiff has achieved substantial commercial success throughout its 12 years in business.

16.     As early as 2013, Turpin began designing pieces in Plaintiff's signature line of

4

jewelry, the Teton Collection, which features jagged silhouettes inspired by the mountain peaks of the Grand Tetons.  Plaintiff began selling pieces in the Teton Collection as early as June 2014. Today, the Teton Collection features a wide variety of jewelry designs crafted in sterling silver and 14-karat yellow, white, and rose gold.  The Luxe Edition of the Teton Collection features elevated versions of the same designs, crafted in 18-karat gold and encrusted with gemstones such as diamonds, sapphires, and rubies.

17.    Some of Plaintiff's most popular jewelry pieces in the Teton Collection include a hinged bracelet (the "Teton Outline Stacking Bracelet") and sets of rings which can be worn individually or together as a stack (the "Teton Stacking Rings").  Representative examples of the Teton Outline Stacking Bracelet and Teton Stacking Rings (collectively, "Plaintiff's Original Works") are depicted below:

**Teton Outline Stacking Bracelet**

**Teton Stacking Rings Mountain Trio**



**Teton Stacking Ring (Two Ring Set)**



18.    Turpin began designing the Teton Stacking Rings as early as 2013.  Plaintiff began selling the Teton Stacking Rings in June 2014.

19.    Turpin began designing the Teton Outline Stacking Bracelet in early 2017.  Plaintiff began selling the Teton Outline Stacking Bracelet in March 2017.

5

20.     Plaintiff has expended substantial time and money in developing, advertising, and otherwise promoting the Teton Collection in the industry and to consumers.  Plaintiff's promotional efforts include, but are not limited to, its direct-to-consumer website, www.jacksonholejewelry.com; its brick-and-mortar store; social media content posted to Plaintiff's accounts on Facebook (https://www.facebook.com/jacksonholejewelry/), Instagram (https://www.instagram.com/jacksonholejewelry/,     @jacksonholejewelry),     and     TikTok (https://www.tiktok.com/@jacksonholejewelryco); and other user-generated content created by social media influencers as part of Plaintiff's affiliate program.

***Plaintiff's Intellectual Property***

21.     Plaintiff owns all exclusive rights in and to the copyrighted Teton Stacking Rings jewelry design used in connection with the creation, display, advertisement, promotion, and distribution of the Teton Stacking Rings.  Plaintiff obtained, by assignment, the valid and subsisting U.S. Copyright Registration No. VA 2-104-182 covering the three-dimensional design of Plaintiff's Teton Stacking Rings (the "Teton Stacking Rings Copyright").  The Teton Stacking Rings Copyright was published on June 1, 2014, and registered with the U.S. Copyright Office effective July 25, 2017.  A true and correct copy of the registration certificate and deposit for the Teton Stacking Rings Copyright and Certificate of Recordation of the assignment are attached hereto as **Exhibit A**.

22.     On October 16, 2018, U.S. Design Patent No. D830,875 (the "D875 Patent"), entitled "Bracelet," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Zachariah Turpin as the inventor.

23.     Plaintiff is the owner of the D875 Patent by assignment, having received all rights, title, and interest of the D875 Patent from the inventor.  The assignment of the D875 Patent was

duly recorded in the USPTO on June 5, 2026, at Reel/Frame No. 74867/0329.  A true and correct copy of the D875 Patent and Certificate of Recordation of the assignment are attached hereto as **Exhibit B**.

24.     The D875 Patent claims a new, original, and ornamental design for a bracelet, as shown in the representative figures of the D875 Patent, reproduced below.



FIG. 1           FIG. 4           FIG. 8

### DEFENDANTS AND THEIR UNLAWFUL CONDUCT

25.     Defendants are business entities that appear to reside and operate in the United States.  Defendants conduct business throughout the United States, including within New York and this District, through their Websites alleged below.

26.     Defendants are e-commerce merchants which operate primarily online.

27.     Baylink conducts business through the direct-to-consumer Websites located at www.37jewelry.com (the "37jewelry Website") and www.37bracelets.com (the "37bracelets Website").

28.     Rose Pear conducts business through the direct-to-consumer Website located at www.37necklaces.com (the "37necklaces Website").

29.     On information and belief, Defendants are connected through the same transactions or occurrences or series of transactions or occurrences.  For example, the 37jewelry Website and the 37bracelets Website are owned and operated by the same entity (Defendant Baylink), have nearly identical "About Us" pages which state that the two Websites were founded "[t]o meet

different people's demands," and include hyperlinks to both Websites.

30.    Additionally, the 37necklaces Website uses the same diamond-shaped logo that is used on the 37jewelry Website, references 37jewelry on the "About Us" page, and features a hyperlink reading "Buy Engraved Jewelry" which directs to the 37bracelets Website. Furthermore, certain online sale listings on the 37necklaces Website provide the email address support@37jewelry.com, which is also listed on the 37jewelry Website and the 37bracelets Website, or depict product packaging featuring the 37jewelry name or the 37bracelets name.

31.    Through the Websites, Defendants import, advertise, market, offer to sell, sell, and distribute unauthorized, wholesale reproductions of the Teton Stacking Rings, as well as wholesale reproductions of certain individual rings that are included in the Teton Stacking Rings set and other two- or three-ring sets containing wholesale reproductions of the same.  These Infringing Products are designed to be substantially identical, if not identical, to the designs set forth in the Teton Stacking Rings Copyright and the D875 Patent, in order to deceive ordinary purchasers into believing that the Infringing Products are the same as, or equivalent to, authentic Teton Collection jewelry pieces.

32.    Upon information and belief, Defendants appear to further brazenly infringe the Teton Stacking Rings Copyright by reproducing and publicly displaying Plaintiff's own marketing imagery depicting genuine Teton Stacking Rings alongside online sale listings for the Infringing Products (the "Infringing Product Listings").  True and correct copies of the Infringing Product Listings are attached hereto as **Exhibit C**.

33.    In 2023, Plaintiff notified Baylink of the Teton Stacking Rings Copyright and demanded that Baylink remove certain product listings from the 37jewelry Website which were similar, if not identical, to the Infringing Product Listings at issue in this action.  Baylink failed to

8

comply.    Thereafter, Plaintiff submitted multiple Digital Millenium Copyright Act (DMCA) Takedown Notices with respect to other similar listings on the 37jewelry Website.

34.    Since 2023 and continuing through the date of this filing, Plaintiff has discovered new Infringing Product Listings on the 37jewelry Website.

35.    In or around 2024, Plaintiff discovered that the 37bracelets Website, which advertises and offers for sale the same or similar products as the 37jewelry Website, is also advertising, offering for sale, and selling Infringing Products.  Later on, Plaintiff discovered that the 37necklaces Website was doing the same.

36.    The Infringing Product Listings use identical or nearly identical marketing imagery and product descriptions, often times depicting or otherwise referencing the names of each other's Websites.  For example, certain Infringing Product Listings on the 37necklaces Website use marketing imagery that depicts the 37jewelry name or the 37bracelets name.  Additionally, the email address support@37jewelry.com is listed across all three Websites.

37.    The chart below depicts images of Plaintiff's Teton Stacking Rings and Teton Outline Stacking Bracelet side-by-side with Defendants' Infringing Products:

| **Plaintiff's Original Works** | **Defendants' Infringing Products** |
|---|---|
|  |  |
| Teton Stacking Rings Mountain Trio | Keep Climbing Stacking Mountain Ring – 3 Set |
|  |  |
| Teton Stacking Rings Mountain Duo | The Love between Mother & Daughter Like the Mountain Stacking Ring |
|  |  |
| Single Teton Outline Ring | Thank you for being my rock Stack Ring |

38.     Defendants are not (and have never been) authorized retailers of genuine Teton Collection jewelry pieces and are not permitted to sell the patent-protected Teton Outline Stacking Bracelet, or the copyright-protected Teton Stacking Rings, or any derivative works thereof.

39.     By making, using, marketing, offering for sale, and selling and/or licensing the Infringing Products, Defendants have infringed and are infringing claim 1 of the D875 Patent. Defendants have knowingly, willfully, and in reckless disregard leveraged and exploited the substantial goodwill and reputation associated with Plaintiff's intellectual property rights. Through their willful misappropriation of those rights, Defendants obtained a substantial unfair competitive advantage by foregoing and freeriding on Plaintiff's significant investments in time and expense that contributed to the commercial success of its expertly-crafted products.

40.     As a direct and proximate result of Defendants' willful actions, Plaintiff has been, and will continue to be, irreparably harmed unless Defendants' unlawful conduct is enjoined—

particularly because Plaintiff lacks control over the nature and quality of the Infringing Products and associated customer service experience.  There is no adequate remedy at law to redress this harm.

41.     Defendants' unlawful acts have also damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure the public, who has an interest in being free from confusion, mistake, and deception.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101, et seq.)

42.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

43.     The Teton Stacking Rings Copyright constitutes an original work and protectable subject matter pursuant to the Copyright Act.  *See* Exhibit A.

44.     At all relevant times, Plaintiff has been and still is the owner of all rights, title, and interest in and to the Teton Stacking Rings Copyright, which has never been assigned, licensed, or otherwise transferred to Defendants.

45.     Since 2023 and continuing to the present, Defendants infringed Plaintiff's Teton Stacking Rings Copyright, including *inter alia* its exclusive rights to reproduce, distribute, publicly display, and prepare derivative works thereof.

46.     Defendants reproduced copies or substantially similar copies of the copyright-protected Teton Stacking Rings, and are marketing, advertising, promoting, offering for sale, selling, and distributing imitations of the Teton Stacking Rings to the consuming public.

47.     Defendants' unlawful conduct as alleged above is deliberate, intentional, knowing, malicious, and willful.

48.     As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiff has been and will continue to be damaged.

49.     Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiff, for which Plaintiff has no remedy at law.  Unless this Court restrains Defendants from continuing their infringement of the Teton Stacking Rings Copyright, these injuries will continue to occur in the future.  Plaintiff is accordingly entitled to injunctive relief restraining Defendants from further infringement.

## SECOND CAUSE OF ACTION
## DESIGN PATENT INFRINGEMENT
## (35 U.S.C. § 271)

50.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

51.     Defendants have produced, imported, distributed, advertised, marketed, offered for sale, and/or sold within the U.S. the Infringing Products which bear a design substantially similar to the ornamental design of the D875 Patent, in violation of 35 U.S.C. § 271.

52.     Plaintiff has not granted a license or given Defendants any form of permission to the D875 Patent and Defendants' infringement of the D875 Patent is without Plaintiff's permission or authority and in total disregard of Plaintiff's intellectual property rights.

53.     As a direct and proximate result of the foregoing acts, Plaintiff has suffered and will continue to suffer significant injuries in an amount to be determined at trial.  Plaintiff is entitled to recover all damages sustained on account of Defendants' infringement, and all gains, profits and advantages obtained by Defendants under 35 U.S.C. §§ 284 and 289.

54.     Furthermore, unless Defendants' unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate Plaintiff for the harm caused by Defendants' infringement of the D875 Patent, which is ongoing.  Accordingly, Plaintiff is entitled to injunctive

relief under 35 U.S.C. § 283 prohibiting Defendants from continuing to infringe the D875 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1.      A judgment declaring that Defendants have infringed the D875 Patent and willfully infringed the Teton Stacking Rings Copyright;

2.      An order for an accounting of all gains, profits and advantages derived by Defendants on account of the unlawful acts complained of herein pursuant to 35 U.S.C. § 284, 17 U.S.C. § 504, and any other applicable federal statute or New York state and common law, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

3.      An order and judgment permanently enjoining and restraining Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them, including any online marketplace account provider serving them, from (i) manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Infringing Products or any other products that infringe Plaintiff's D875 Patent pursuant to 35 U.S.C. § 283; and (ii) making, using, advertising, marketing, promoting, distributing, offering for sale, or selling products substantially similar to the Teton Stacking Rings Copyright pursuant to 17. U.S.C. § 502;

4.      An order requiring Defendants to recall from any distributors and retailers and to deliver to Plaintiff for destruction any Infringing Products, including the means of making such products;

5.      An award of damages equal to Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts;

6.      An award of damages equal to treble Defendants' profits or Plaintiff's damages, whichever is greater, on account of Defendants' willful infringement;

7.      An award of punitive damages and Plaintiff's costs, attorneys' fees, and interest as allowed under all applicable federal statutes and New York state laws; and

8.      Such other and further relief that this Court deems just and proper.

Dated:      July 8, 2026                               Respectfully submitted,

                                                        /s/ *Danielle C. Zolot*

                                                        Danielle C. Zolot
                                                        ESCA LEGAL LLC
                                                        55 Broadway, 3rd Floor
                                                        New York, NY 10006
                                                        Tel: (347) 729-7583
                                                        danielle@esca.legal

                                                        Robert P. Feinland
                                                        MEISTER SEELIG & SCHUSTER PLLC
                                                        125 Park Avenue, 7th Floor
                                                        New York, NY 10017
                                                        Tel: (212) 655-3500
                                                        rf@mss-pllc.com

                                                        ***Attorneys for Plaintiff Jackson Hole Jewelry Company LLC***

14